**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-6390**

TERRY TYRONE FERGUSON,

Plaintiff - Appellant,

v.

C.L. MESSER, ROSP Correctional Officer; L.M. BRYANT, ROSP Correctional Officer; R.J. SLUSS, ROSP Correctional Officer; J.D. ARNOLD, ROSP Correctional Officer; J.G. BURKE, ROSP Correctional Officer; D. DUPUIE; POWERS, ROSP Correctional Officer; A. MULLINS, ROSP Lieutenant; J. DICKERSON, ROSP Correctional Sergeant; M. YOUNCE, ROSP Unit Manager; M.L. COUNTS, ROSP Correctional Hearing Officer; R. MATHENA, ROSP Deputy Warden for Security; G.M. HINKLE; CORRECTIONAL OFFICER STALLARD; COUNSELOR MULLINS,

Defendants - Appellees.

Appeal from the United States District Court for the Western District of Virginia, at Roanoke. Elizabeth Kay Dillon, District Judge. (7:15-cv-00140-EKD-RSB)

Submitted: December 11, 2019                    Decided: February 13, 2020

Before GREGORY, Chief Judge, RICHARDSON, Circuit Judge, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Terry Tyrone Ferguson, Appellant Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Terry Tyrone Ferguson, a Virginia state inmate, filed a 42 U.S.C. § 1983 (2012) action against multiple correctional facility employees alleging Eighth and Fourteenth Amendment and due process violations, and retaliation. Following a trial on his claims,[*] the jury returned a verdict in favor of the Defendants. Ferguson unsuccessfully moved for a new trial alleging, in relevant part, that he was prejudiced by the jury viewing him in leg restraints and a stun belt. Ferguson now appeals the court's judgment and subsequent order denying his motion for a new trial on the sole ground that the district court abused its discretion when it allowed Ferguson to be visibly restrained during the trial. Relatedly, Ferguson argues that the court failed to hold an evidentiary hearing on the issue of the use of restraints at trial and declined to make an independent factual determination as to whether the stun belt was necessary.

We generally review the district court's decision to place a defendant in restraints during trial for an abuse of discretion. *United States v. Midgett*, 488 F.3d 288, 298 (4th Cir. 2007). However, because Ferguson did not object to the potential prejudicial effect of the restraints, we review Ferguson's claims on appeal for plain error. *See United States v. Cohen*, 888 F.3d 667, 678 (4th Cir. 2018). "Under the plain error standard, [we] will correct an unpreserved error if (1) an error was made; (2) the error is plain; (3) the error affects substantial rights; and (4) the error seriously affects the fairness, integrity, or public

---

[*] The district court granted summary judgment to the Defendants on some of Ferguson's claims.

reputation of judicial proceedings." *United States v. Harris*, 890 F.3d 480, 491 (4th Cir. 2018) (internal quotation marks omitted). The district court permitted Ferguson to enter and exit the courtroom outside of the jury's presence, sit at a skirted table that concealed his leg irons, and took other precautions to ensure that the jury's attention was not drawn to the leg irons and stun belt. In addition, the claims addressed at trial related to prison conditions, and Ferguson disclosed the nature of his convictions during his opening statement, so the jury was aware he was a prisoner. Under the circumstances of this case, and in light of the district court's cautionary instruction to the jury, we conclude that Ferguson fails to establish that requiring him to be placed in physical restraints at trial—and the court's failure to hold an evidentiary hearing in this regard —affected his substantial rights.

Accordingly, we affirm the judgment of the district court and its subsequent order denying Ferguson's motion for a new trial. We further deny Ferguson's motion to appoint counsel. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*